Kaplan, J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/24/15

ARNOLD WANDEL, derivatively on behalf of
Nominal Defendant WEATHERFORD
INTERNATIONAL LTD.

　　　　　Plaintiff,

v.

BERNARD J. DUROC-DANNER, CHARLES E.
GEER, JR., JESSICA ABARCA, WILLIAM E.
MACAULAY, ROBERT K. MOSES, JR.,
ROBERT A. RAYNE, and ANDREW P. BECNEL,

　　　　　Defendants,

and

WEATHERFORD INTERNATIONAL LTD.,

　　　　　Nominal Defendant.

12 Civ. 1305 (LAK)



RECEIVED
JUN 04 2015
JUDGE KAPLAN'S CHAMBERS

## [PROPOSED] ORDER AND FINAL JUDGMENT

This matter came before the Court for hearing on June 24, 2015, to consider approval of the proposed settlement ("Settlement") set forth in the Amended Stipulation of Settlement dated November 25, 2014 (the "Amended Stipulation") and entered into between by and among the following parties, by and through their respective counsel of record: (i) plaintiff Arnold Wandel ("New York Plaintiff"), derivatively on behalf of nominal defendant Weatherford International, Ltd. ("Weatherford" or the "Company"); (ii) plaintiff Iron Workers Mid-South Pension Fund ("Texas Plaintiff," together with New York Plaintiff, the "Plaintiffs"), derivatively on behalf of nominal defendant Weatherford; (iii) Bernard J. Duroc-Danner, Andrew P. Becnel, David J. Butters, Robert K. Moses, Jr., Robert B. Millard, William E. Macaulay, Samuel Bodman, Jessica Abarca, Charles E. Geer, Jr., Sheldon B. Lubar, and Robert A. Rayne (collectively, the

"Individual Defendants"); and (iv) nominal defendant Weatherford (collectively with the Individual Defendants, "Defendants") (collectively, Plaintiffs and Defendants are referred to herein as "Settling Parties"). The Court has reviewed and considered all documents, evidence, objections (if any), and arguments presented in support of or against the Settlement. Good cause appearing therefore, the Court enters this Judgment.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Amended Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Amended Stipulation.

2. This Court has jurisdiction to enter this Judgment. The Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all Settling Parties.

3. The Court finds that the Notice and Summary Notice provided to Current Weatherford Shareholders constituted the best notice practicable under the circumstances. The Notice and Summary Notice fully satisfied the requirements of Federal Rule of Civil Procedure Rule 23.1 and the requirements of due process.

4. The Court finds that the Settlement as set forth in the Amended Stipulation is fair, reasonable, adequate, and in the best interests of Weatherford and its shareholders.

5. The New York Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Amended Stipulation.

6. Pursuant to this Judgment, upon the Effective Date, the Releasing Persons shall be deemed to have fully, finally, and forever released, relinquished, and discharged the Released

Claims (including Unknown Claims) against the Released Persons, and shall forever be enjoined from prosecuting any or all Released Claims against any Released Person. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Amended Stipulation.

7. Upon the Effective Date, each of the Released Persons shall be deemed to have fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Actions or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Amended Stipulation.

8. During the course of the litigation, all parties and their respective counsel at all times complied with the requirements of section Federal Rule of Civil Procedure 11, and all other similar laws or statutes.

9. Neither this Judgment, the Amended Stipulation, nor the Settlement, nor any negotiation, proceeding, or act performed or document executed pursuant to or in furtherance of this Judgment, the Amended Stipulation, or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered, or used in any way by the Settling Parties or any other Person as a presumption, a concession, or an admission of, or evidence of, any fault, wrongdoing, or liability of the Settling Parties or Released Persons, or of the validity of any Released Claims, or of the truth of any fact alleged by Plaintiffs; or (ii) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions, arbitration, or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

10. The Released Persons may file the Amended Stipulation and/or this Judgment in any action, arbitration, or proceeding that may be brought against them in order to effectuate the protection from liability granted them thereunder and/or by this Judgment in any action for any purpose, including, but not limited to, in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may also file the Amended Stipulation and documents executed pursuant and in furtherance thereto in any action to enforce the Settlement and/or this Judgment.

11. In the event the Effective Date does not occur, pursuant to paragraph 6.1 of the Amended Stipulation, (unless counsel for the Settling Parties mutually agree in writing to proceed with the Amended Stipulation), then the Amended Stipulation shall be canceled and terminated and this Judgment shall be vacated and: (i) all Settling Parties and Released Persons shall be restored to their respective positions prior to the execution of the Amended Stipulation; (ii) all releases delivered in connection with the Amended Stipulation shall be null and void, except as otherwise provided for in the Amended Stipulation; (iii) any attorneys' fees and expenses paid to Plaintiffs' Counsel shall be refunded and repaid within thirty business days of receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, in accordance with paragraph 4.2 of the Amended Stipulation; and (iv) all negotiations, proceedings, documents prepared, and statements made in connection with the Settlement shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by a Settling Party of any act, matter, or proposition and shall not be used in any manner for any purpose in any subsequent proceeding in the Action or in any other action or proceeding. In such

event, the terms and provisions of the Amended Stipulation shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose.

12. A separate Order shall be entered regarding Plaintiffs' Counsel's application for attorneys' fees and reimbursement of expenses. Such Order shall not disturb or affect any of the terms of this Judgment. No other fees, costs, or expenses may be awarded to Plaintiffs' Counsel in connection with the Settlement. Any Fee and Expense Amount shall be distributed in accordance with the terms of the Amended Stipulation.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction with respect to implementation and enforcement of the terms of the Amended Stipulation.

14. In the event that the Settlement does not become effective in accordance with the terms of the Amended Stipulation, this Judgment shall be vacated, and all orders entered and releases delivered in connection with the Amended Stipulation and this Judgment shall be null and void, except as otherwise provided for in the Amended Stipulation.

15. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk.

16. The Clerk shall terminate DI 55.

IT IS SO ORDERED.

DATED: June 24, 2015

_____
THE HONORABLE LEWIS A. KAPLAN